UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARCUS CARTER, | Civil Action No. 17-7711 (BRM) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| MIDDLESEX COUNTY CORRECTIONS, et al. | |
| Defendants. | |

**BONGIOVANNI, Magistrate Judge**

Currently pending before the Court is Plaintiff Marcus Carter's ("Plaintiff") motion to amend the complaint to add individuals Officer Koukourdelis, Officer Giles, Officer Barahona, Officer A. Ortiz, Officer J. Ortiz, and Officer Breese as Defendants. (Docket Entry No. 12). The Court notes that the Plaintiff is incorrectly identified as Rachel Bourne in the instant motion. Defendant Middlesex County Department of Corrections ("Defendant Middlesex") partially opposes Plaintiff's motion. (Docket Entry No. 14). The Court has fully reviewed the papers submitted in support of and in opposition to Plaintiff's motion. The Court considers Plaintiff's motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth below, Plaintiff's motion is GRANTED in part and DENIED in part.

**I.    Background and Procedural History**

On October 2, 2017, Plaintiff filed a Complaint alleging that Defendants violated his civil rights, based on allegations of excessive force and denial of medical treatment by officers employed by the Middlesex County Department of Corrections. (Docket Entry No. 1). Defendant Mark Cranston filed an Answer on November 13, 2017. (Docket Entry No. 4). Defendant Middlesex County Department of Corrections then filed an Answer on November 28, 2017. (Docket Entry No. 6). On April 5, 2018, Plaintiff filed the instant motion to amend the complaint

1

to add individuals Officer Koukourdelis, Officer Giles, Officer Barahona, Officer A. Ortiz, Officer J. Ortiz, and Officer Breese as Defendants. (Docket Entry No. 12). Plaintiff's motion brief did not include any additional facts or allegations against the proposed Defendants. The Court had to review the proposed Amended Complaint to discern Plaintiff's allegations against the newly named Defendants. Plaintiff alleges that Officer Koukordelis, Officer Giles, Officer Barahona, Officer A. Ortiz, Officer J. Ortiz and Officer Breese placed Plaintiff in a room in the medical center and physically assaulted him, using excessive force and injuring him. (Proposed Am. Compl. ¶ 24). The Court notes that Officer Mills and Officer Castro are listed in the caption of the Proposed Amended Complaint, but are not included in either the body of the Complaint or Plaintiff's motion brief.

Defendant Middlesex argues that the amendment is futile as to Officer Mills, Officer Castro, and Officer Giles. (Defendants' Letter Br. in Opp. at 2). Defendant Middlesex notes that Plaintiff's motion to amend named two Corrections Officers (Officer Mills and Officer Castro) as Defendants, but did not set forth any allegations against them in the body of the complaint. (Id.) Defendant Middlesex argues that without allegations against the officers in the body of the Complaint, a "Motion to Dismiss would be readily granted." (Id.) Defendant Middlesex also argues that naming Officer Giles as a Defendant would be futile as Officer Giles' Rule 26 disclosures and the incident report indicate that Officer Giles was not involved in the incident in dispute. (Id.)

II.     Analysis

    A.     **Motions to Amend the Pleadings**

According to FED.R.CIV.P. ("Rule") 15(a), leave to amend the pleadings is generally granted liberally. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107,

121 (3d Cir. 2000). However, the Court may deny a motion to amend where there is "undue delay, bad faith . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." (Id.) Nevertheless, where there is an absence of the above factors: undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be granted freely. *Long v. Wilston*, 393 F.3d 390, 400 (3d Cir. 2004).

In deciding whether to grant leave to amend, "prejudice to the non-moving party is the touchstone for the denial of the amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (quoting *Cornell & Co., Inc. v. Occupational Health and Safety Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)). To establish prejudice, the non-moving party must make a showing that allowing the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction. *See Long*, 393 F.3d at 400. Delay alone, however, does not justify denying a motion to amend. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Rather, it is only where delay becomes "'undue,' placing an unwarranted burden on the court, or . . . 'prejudicial,' placing an unfair burden on the opposing party" that denial of a motion to amend is appropriate. *Adams v. Gould Inc.,* 739 F.2d 858, 868 (3d Cir. 1984).

A motion to amend is also properly denied where the proposed amendment is futile. *See Foman,* 371 U.S. at 182; *Alvin,* 227 F.3d at 121. An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.,* 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To determine whether an amendment is "insufficient on its face," the Court employs

the motion to dismiss standard under Fed. R. Civ. P. 12(b)(6) (*see Alvin*, 227 F.3d at 121) and examines only the pleading, exhibits attached to the pleading, matters of public record, and undisputedly authentic documents if the party's claims are based upon same. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

To determine if a complaint would survive a motion to dismiss under Rule 12(b)(6), the Court must accept as true all the facts alleged in the pleading, draw all reasonable inferences in favor of the plaintiff, and determine if "under any reasonable reading of the complaint, the plaintiff may be entitled to relief[.]" *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face[.]'" *Duran v. Equifirst Corp.*, Civil Action No. 2:09-cv-03856, 2010 WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)). Put simply, the alleged facts must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

Although a pleading does not need to contain "detailed factual allegations," a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (citation omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." (Id.) Additionally, in assessing a motion to dismiss, while the Court must view the factual allegations contained in the pleading at issue as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or

legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

**B.     Discussion**

The Court finds that Plaintiff's motion to amend is not futile. Plaintiff has plead sufficient facts to support adding Officer Koukourdelis, Officer Giles, Officer Barahona, Officer A. Ortiz, Officer J. Ortiz, and Officer Breese to the complaint as Defendants. The Court further finds that there is no undue delay or prejudice to Defendants. Whether Officer Giles was involved in the alleged incident assault on Plaintiff is a matter to be decided by the District Court. The motion to amend is GRANTED as to Officer Koukourdelis, Officer Giles, Officer Barahona, Officer A. Ortiz, Officer J. Ortiz, and Officer Breese.

As for Officer Mills and Officer Castro, Plaintiff has failed to identify any basis for their inclusion in the Proposed Amended Complaint. Notably, neither the Motion for Leave to File an Amended Complaint nor the Proposed Amended Complaint makes any allegations against Officer Mills or Officer Castro. The Court finds that any claims against Officer Mills and Officer Castro would be futile, therefore, the motion to amend is DENIED as to Officer Mills and Officer Castro.

**III.    Conclusion**

For the reasons stated above, Plaintiff's motion seeking leave to file an Amended Complaint is GRANTED in part and DENIED in part. An appropriate Order follows.

Dated: July 26, 2018

> s/Tonianne J. Bongiovanni
> **HONORABLE TONIANNE J. BONGIOVANNI**
> **UNITED STATES MAGISTRATE JUDGE**